Judge Wood
delivered the opinion of the court:
Did the court err, in this case, in receiving the last amended answers of the defendants as sufficient evidence to discharge them from accountability to the complainant for this eleven hundred dollars, and proceeding to render the decree now sought to be reversed? The rule is, that when the answer admits a fact, and is responsive to the bill, the answer must be disproved by the complainant, if he would avoid the effect of such admission; but if it be necessary for the defense to avoid it, and the answer set up new matter, in avoidance, such new matter must be proved* aliunde. Is not this the case before us? To avoid this item of eleven hundred dollars, proved by two witnesses to be in Andrew Carlisle’s hands, in *his third answer he admits it, but says he paid a part of it to and for his co-defendant, and the balance-is the credit of November 1, 1823, on exhibit “A,” six hundred and eighty-eight dollars and seventy-five cents, which credit this amended answer is more fully to explain.
*439 In Hart v. Teneyck, Chancellor Kent refers to a case before Lord Cowper, where creditors filed a bill against an executor for an account of personal estate. The executor answered that the "testator left eleven hundred pounds in his hands, and that afterward, on a settlement, he gave his bond for one thousand pounds, .and the other one hundred pounds was given him by the testator for his care and trouble. There was no other evidence in the case ■of the eleven hundred pounds being deposited with the executor. 'The answer was put in issue, and it was resolved by the court, "that when an answer was put in issue, what was confessed and .admitted by it need not be proved; but that the defendant must make out, by proof, what was insisted on by way of avoidance. Of this case the chancellor remarks, it is undoubtedly the long .and well-established rule iñ chancery, and that it was determined, in Talbot v. Rutledge, that if a man admits, by his answer, that ■he received sums of money at certain times, and states that he paid away those sums, at other times, in discharge, he must prove his discharge, otherwise it would be to allow a man to swear for himself and be his own witness; and I am satisfied, says he, the rule is perfectly just, and that a contrary doctrine would be pernicious. In Thompson v. Lambe, 7 Ves. 587, Lord Eldon •said he was clearly of opinion a person charged by his answer, •could not by. his answer discharge himself, not even on his examination before the master, unless it is in this way: If the answer or examination states that, upon a particular day, he received a sum of money and paid it over, that may discharge him; but if he says, on a particular day he received a sum of ' money, and upon a subsequent day paid it over, that can not be ■used in his discharge; for it is a different transaction. There are many authorities to support this rule. 1 Wash. 224; 1 Mum. 373; Green v. Hart, 1 Johns. 580. In the court of errors this doctrine is carried to the full extent. Hart charged in his bill that he paid a full and valuable consideration for a note indorsed to him ■by Green, who, in answer to this charge and the interrogatory founded on it, alleged that part of the consideration for indorsing the note *was usurious. Chancellor Lansing held that the .allegation of usury was in avoidance merely, and not sufficient without other proof, and such was the opinion of the court.
These cases appear to us to bear a striking analogy to the one ‘before us. They are certainly no stronger for the application of *440 the rule. In this case Andrew Carlisle is first charged, not by his own admission, but by the testimony of two witnesses, with the receipt of eleven hundred dollars, and it is then only that it is admitted and new matter set up to explain more fully the credit of November 1, 1823, on exhibit “A.”
In receiving the answers of the defendants as sufficient evidence to discharge Andrew Carlisle from accountability to the complainant for this sum of eleven hundred dollars, and thereupon dismissing the complainant’s bill, we think the court erred, and that the decree of dismissal should be reversed, with costs.